IN THE SUPREME COURT OF THE STATE OF KANSAS

No. 111,478

STATE OF KANSAS,
*Appellee*,

v.

ZACHARY EISENHOUR, SR.,
*Appellant*.

SYLLABUS BY THE COURT

If the Kansas Supreme Court denies a petition for review of a Kansas Court of Appeals decision, the clerk of the appellate courts must notify the parties of the denial. The decision of the Court of Appeals is final as of the date of the decision denying review, and the clerk must issue the mandate under Supreme Court Rule 7.03(b) (2015 Kan. Ct. R. Annot. 63). A denial of a petition for review imports no opinion on the merits of the case. The denial of a petition for review is not subject to a motion for reconsideration by the Supreme Court.

Appeal from Stafford District Court; RON SVATY, judge. Opinion filed October 28, 2016. Petition for review improvidently granted.

*Patrick H. Dunn*, of Kansas Appellate Defender Office, argued the cause and was on the brief for appellant.

*Joe Shepack*, county attorney, argued the cause, and *Derek Schmidt*, attorney general, was with him on the brief for appellee.

1

The opinion of the court was delivered by

LUCKERT, J.: This court granted the petition for review in this case filed by Zachary Eisenhour, Sr. In this decision, we determine the petition for review was improvidently granted, and we take the unusual step of explaining this decision in more than just a few words. The circumstances of the case warrant some explanation and instructions about procedures on remand and about the effect of this decision.

The circumstances that lead us to conclude the petition for review was improvidently granted are raised in a motion to remand Eisenhour filed with our court. In the motion, he seeks an immediate resentencing hearing in district court because he has served the maximum legal total sentence that could be imposed in this case.

Eisenhour's sentences arise from his convictions on one count of abuse of a child under K.S.A. 21-3609, a severity level 5 person felony, and two counts of aggravated battery under K.S.A. 21-3414(a)(2)(A), each a severity level 5 person felony. The district court sentenced Eisenhour to serve 34 months for the primary offense of abuse of a child and two consecutive terms of probation of 36 months each for the aggravated battery offenses. The probation terms had underlying prison sentences of 34 months.

Eisenhour served a sentence of imprisonment for child abuse and was released from prison on March 6, 2009; even considering the credit for time served before sentencing, it appears Eisenhour served something less than the full 34-month sentence for the child abuse conviction. He immediately began serving probation for the two counts of aggravated battery. On January 3, 2014, the district court revoked his probation and imposed the underlying consecutive sentences.

Eisenhour appealed to the Court of Appeals. He primarily contended the district court did not have jurisdiction to revoke his probation and impose the underlying prison

2

sentences. In addition, he presented an alternative argument that the prison sentences violated the double base-sentence rule in K.S.A. 21-4720(b)(4) and therefore were illegal. Under the double base-sentence rule, a maximum sentence of imprisonment cannot exceed twice the base sentence imposed on a primary crime. K.S.A. 21-4720(b)(2), (4); see also *State v. McClelland*, 301 Kan. 815, 830-31, 347 P.3d 211 (2015). In this case that means the maximum prison sentence that could be imposed was 68 months—that is, a period double the 34-month sentence for child abuse—rather than the 102 months imposed by the district court.

When the State filed its brief before the Court of Appeals, it raised several arguments regarding Eisenhour's primary contentions. But as to the alternative argument regarding the double base-sentence rule, it stated: "The State/Appellee will concede that the maximum available prison term for Mr. Eisenhour was/is sixty-eight (68) months."

The Court of Appeals, after discussing the parties' other arguments, agreed with the parties' positions regarding the double base-sentence rule. The Court of Appeals held that the district court had imposed an illegal sentence, stating: "Eisenhour's total sentence is 102 months' imprisonment, which is three times the base sentence of his primary crime. To comply with the double base sentence rule, the trial judge should have sentenced Eisenhour to a maximum of 68 months' imprisonment." *State v. Eisenhour*, No. 111,478, 2015 WL 5036716, at *5 (Kan. App. 2015) (unpublished opinion).

In Eisenhour's motion to remand before this court, he notes the State's concession and the Court of Appeals' holding. He also points out he has now served more than 34 months in prison since the sentence begins date on his probation revocation. Indeed, according to the journal entry reflecting the district court's orders to revoke probation and remand Eisenhour to the custody of the Department of Corrections, the district court found that Eisenhour had jail-time credits to be applied to his sentence, which meant the "sentence begins date" for the aggravated burglary convictions was December 3, 2013.

3

As Eisenhour argues, using that "sentence begins date," he served his second period of 34 months as of October 4, 2016, approximately 3 weeks ago.

In light of that situation, Eisenhour argues he is entitled to an immediate resentencing. At oral argument, the State agreed that there should be a hearing in district court as soon as possible. Eisenhour suggests that to accomplish this, we should partially remand the case but retain jurisdiction to resolve the parties' other arguments.

We feel compelled to dispose of this case in a manner that provides Eisenhour the earliest opportunity for a resentencing hearing. Procedurally, we determine that the most expeditious path is for this court to determine that the petition for review in this case was improvidently granted. Under this procedure, a mandate can immediately issue and the district court will immediately obtain jurisdiction under Supreme Court Rule 8.03(g) (2015 Kan. Ct. R. Annot. 81), which provides:

> "If the Supreme Court denies review, the clerk of the appellate courts must notify the parties of the denial. The decision of the Court of Appeals is final as of the date of the decision denying review, and the clerk must issue the mandate under Rule 7.03(b). A denial of a petition for review imports no opinion on the merits of the case. The denial of a petition for review is not subject to a motion for reconsideration by the Supreme Court."

Once notified of the mandate by the Clerk of the Appellate Courts, the district court should immediately appoint counsel and set a resentencing hearing as soon as possible. At the resentencing, the double base-sentence should be applied, Eisenhour should be given credit for time served, and it should be determined whether he has fully served the maximum legal sentence of 68 months.

Our decision should not be read as an indication we have reached any conclusions as to the merit of any other arguments presented by the parties. Those arguments become

4

moot once Eisenhour is resentenced. And while those issues are capable of repetition, the circumstances of this case demand we wait for another day to resolve them.

Petition for review improvidently granted.